

Villanova University School of Law
Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2006

# Obianyo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4561

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Obianyo v. Atty Gen USA" (2006). *2006 Decisions*. Paper 1406.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1406

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4561
_____

UCHENNA OBIANYO,
                                        Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A72 827 816)
Immigration Judge:  Honorable Walter A. Durling

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 21, 2006

Before: SLOVITER, SMITH and VAN ANTWERPEN, CIRCUIT JUDGES

(Filed:    March 21, 2006)
_____

OPINION
_____

PER CURIAM

An Immigration Judge ordered Uchenna Obianyo removed from the United States

but granted his application for relief from removal under the Convention Against Torture

(CAT). The Board of Immigration Appeals (BIA) dismissed the government's appeal from the order granting CAT relief, and subsequently denied its motion to reconsider. Obianyo now asserts that he is a national of the United States and cannot be removed. For the following reasons, we will deny the petition for review.

Obianyo, a native of Nigeria, arrived in the United States in 1989 and became a lawful permanent resident in 1994. Obianyo was convicted of stalking in Tennessee in 1997, and again in Pennsylvania in 2000. Based on these convictions, an Immigration Judge (IJ) ordered Obianyo removed from the United States for having been convicted of two or more crimes involving moral turpitude. Obianyo was permitted to apply for asylum and cancellation of removal, as well as other relief from removal under the CAT. The IJ denied asylum and cancellation of removal, but granted withholding and deferral of removal to Nigeria. The BIA dismissed the government's appeal in September 2004 and denied the government's motion to reconsider in December 2004.

In the meantime, Obianyo filed a habeas corpus petition in the District Court, asserting that he cannot be removed because he is a national of the United States. He also challenged his detention in light of the IJ's decision granting CAT relief. After Obianyo was released from detention in January 2005, he conceded to the District Court that his challenge to detention was moot, but maintained that his order of removal was unlawful based on his status as a national of the United States. The District Court dismissed Obianyo's challenge to detention as moot in light of his release, and transferred his

2

petition asserting nationality to this Court to be treated as a petition for review under the REAL ID Act.  See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005).

We will deny Obianyo's petition for review.  His sole argument is that he is a national of the United States because he applied for naturalization in 1998.  Because Obianyo never presented his nationality claim to the BIA, the claim is deemed unexhausted.  See Popal v. Gonzales, 416 F.3d 249, 252 (3d Cir. 2005).  Absent exhaustion of available administrative remedies, we are without jurisdiction to consider the claim.  See 8 U.S.C. § 1252(d)(1); Popal, 416 F.3d at 252-53.[1]

Even if we were to exercise jurisdiction over Obianyo's unexhausted nationality claim, we would reject it.  A national is either a citizen of the United States, or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States."  8 U.S.C. § 1101(a)(22).  For a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'"  Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003).  Although Obianyo applied for naturalization, his application was eventually denied, as he concedes.  Accordingly, Obianyo is not a naturalized citizen and thus not a national of the United States.  We will deny his petition for review.

---

[1]We are aware that at least one Court of Appeals has recognized an exception to the exhaustion requirement for a nationality claim.  See Theagene v. Gonzales, 411 F.3d 1107, 1111 (9th Cir. 2005).  While we do not question the extreme importance of a nationality claim, we decline to follow the Ninth Circuit's lead at this time.

3