

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-31-2005

# Belizaire v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1411

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Belizaire v. Atty Gen USA" (2005). *2005 Decisions.* Paper 307.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/307

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1411
_____

CLEMENT JEAN BELIZAIRE,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
COMMISSIONER OF THE IMMIGRATION AND NATURALIZATION
SERVICE, James Ziegler; RONALD T. BONAFORTE

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A27 477 236)

Initially Docketed as an Appeal from D.N.J. No. 04-cv-04568
Prior to the Enactment of the Real ID Act of 2005

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 14, 2005

Before: RENDELL, AMBRO and FUENTES, Circuit Judges

(Filed   October 31, 2005  )
_____

OPINION
_____

PER CURIAM

Clement Jean Belizaire seeks review of a final order of removal issued by the

Board of Immigration Appeals (BIA). For the following reasons, we will deny the petition.[1]

Belizaire, a native of Haiti, first entered the United States with his family as a child in 1970. His father became a naturalized United States citizen in 1974. Belizaire returned to Haiti in 1979, then re-entered the United States as a visitor in 1985 and became a lawful permanent resident in 1986. He later applied for naturalization but never completed the process.

In 1994, Belizaire was convicted in New York for attempted possession of a handgun. He was again convicted in New York for attempted possession of a revolver in 2002. Based on these two convictions, the Government charged Belizaire with being removable for having been convicted of firearms offenses and crimes involving moral turpitude. In removal proceedings, Belizaire asserted derivative citizenship through his father. He also asserted that he is a national of the United States based on his naturalization application and registration for the Selective Service. An immigration

---

[1] Belizaire initiated these proceedings by filing a habeas corpus petition under 28 U.S.C. § 2241 in the Eastern District of New York. That court transferred the matter to the District of New Jersey, the judicial district in which Belizaire was in custody at the time he filed the petition. Following the District Court's denial of habeas corpus relief, Belizaire filed a timely notice of appeal to this Court. While his appeal was pending, the REAL ID Act of 2005 took effect on May 11, 2005. In light of the REAL ID Act, we have determined that such pending appeals are converted to petitions for review under 8 U.S.C. § 1252. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005). Because the matter is fully briefed and ripe for disposition, we decline to transfer it to the Second Circuit, the judicial circuit in which the immigration judge completed the proceedings. See id. at 446 n.5. Accordingly, we will deny the Government's motion to transfer this matter to the Second Circuit.

judge (IJ) rejected Belizaire's claims of citizenship and nationality, found him removable, denied his applications for discretionary relief, and ordered him removed to Haiti. The BIA, by single member, affirmed without opinion.

Belizaire then challenged the final order of removal by filing a habeas corpus petition in the District Court. The District Court denied Belizaire's habeas petition without conducting a hearing. Belizaire filed a timely appeal, which has been converted into a petition for review, as described previously.[2]

We address first Belizaire's assertion that he obtained derivative citizenship through his father. Under the current Child Citizenship Act (CCA), a lawful permanent resident child born outside of the United States automatically becomes a citizen when: (1) at least **one** parent of the child is a citizen, whether by birth or naturalization; (2) the child is under the age of eighteen; and (3) the child resides in the United States in the custody of the citizen parent. See 8 U.S.C. § 1431(a) (effective Feb. 27, 2001); Bagot v. Ashcroft, 398 F.3d 252, 257 n.3 (3d Cir. 2005). The current CCA, however, does not apply retroactively to Belizaire's case. See id. The law in effect at all relevant times required that **both** parents (if living and legally married) be naturalized. Id. It is undisputed that Belizaire's parents were living and married at all relevant times, and that

---

[2]    By order entered March 22, 2005, we denied Belizaire's motion for a stay of removal. After being removed to Haiti in May 2005, he filed a motion to be returned to the United States. For the reasons that follow, we find Belizaire's arguments lacking in merit, and thus deny his motion to be returned to the United States.

his mother was never naturalized. Accordingly, he did not derive citizenship from his naturalized father.

We address next Belizaire's claim that he is a national of the United States, the issue to which he devotes most of his brief. A national is either a citizen of the United States, or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). For a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'" Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003). Because Belizaire has not completed the naturalization process, he is neither a citizen nor a national, even though he applied for naturalization and registered for the Selective Service. See id. He is instead an alien who is removable for having committed enumerated offenses.[3]

Finally, we address Belizaire's argument that he was wrongly precluded from applying for relief under the Convention Against Torture (CAT). According to the Government, we are without jurisdiction to review Belizaire's CAT claim because he did not present it to the BIA on appeal. We have reviewed Belizaire's brief on appeal to the BIA, which includes a passing reference to the CAT. (Supp. App. at 27). The brief includes no argument regarding Belizaire's entitlement to apply for CAT relief and makes

---

[3]    We are aware of Belizaire's repeated requests for us to transfer his nationality claim to the Second Circuit, a request we decline for reasons expressed previously. To the extent that Belizaire believes the Second Circuit will view his nationality claim more favorably than we, he is mistaken. Recently the Second Circuit adopted a view of nationality claims identical to the one we expressed in Salim. See Marquez-Almanzar v. INS, 418 F.3d 210, 218-19 (2d Cir. 2005).

no mention of any likelihood of being tortured if returned to Haiti. Under these circumstances, we agree with the Government that Belizaire did not fairly present a CAT claim to the BIA. See Bonhometre v. Gonzalez, 414 F.3d 442, 447 (3d Cir. 2005) (requiring alien to raise an issue to BIA in a manner that allows it to correct an error before seeking judicial review). Accordingly, we are without jurisdiction to consider whether he was wrongly precluded from applying for CAT relief. See 8 U.S.C. § 1252(d)(1); Bonhometre, 414 F.3d at 447.

For these reasons, we will deny Belizaire's petition for review. We also deny the Government's motion to transfer this matter to the Second Circuit, as explained previously. Because we find Belizaire's arguments unavailing, we deny his motion to be returned to the United States. In light of our disposition, we deny Belizaire's motion for appointment of counsel as moot.