

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-10-2006

# Smallhorne v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1898

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Smallhorne v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1130.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1130

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-1898
_____


BARRINGTON SMALLHORNE,
Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES[*]
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A35-959-428
Immigration Judge: Charles A. Wiegand III

Initially Docketed as an Appeal from District of New Jersey No. 04-cv-5965
Prior to the Enactment of the Real ID Act on 2005

District Judge: The Honorable Jose L. Linares
_____

Submitted under Third Circuit LAR 34.1(a) – January 23, 2006
_____

Before: RENDELL and STAPLETON, Circuit Judges.

---

[*] Because we have converted the present case into a petition for direct review, we are required to substitute the Attorney General for the current respondent (Secretary, U.S. Department of Homeland Security). 8 U.S.C. § 1252(b)(3)(A).

1

and POLLAK,[**] District Judge.

(Filed: May 10, 2006)

———

OPINION

———

POLLAK, District Judge:

Appellant Barrington Smallhorne appeals an order of the United States District Court for the District of New Jersey denying Smallhorne's petition for *habeas corpus*.

Because we write primarily for the parties, who are presumably familiar with the facts and procedural history of the case, we will summarize the facts and history of the case only briefly. Smallhorne, a citizen of Jamaica, was admitted to the United States as an immigrant in December 1979. In 1993, he was convicted in New York of criminal possession of a weapon and criminal possession of a controlled substance in the seventh degree. He was convicted of a similar drug offense in 1996. As a result of these convictions, removal proceedings were instituted against Smallhorne, and he was detained and transferred to a detention center in Oakdale, Louisiana. There, on September 12, 1997, an immigration judge determined Smallhorne had been convicted of an aggravated felony and therefore ordered him removed. Smallhorne appealed to the BIA, but his appeal was dismissed by order dated January 19, 2000. Smallhorne later

[**] Honorable Louis H. Pollak, District Judge for the United States District Court of the Eastern District of Pennsylvania, sitting by designation.

2

moved the BIA to reconsider, which the BIA declined to do by order dated June 22, 2000. The record does not indicate that Smallhorne appealed either of these decisions[1].

For reasons not made clear by the record, Smallhorne was released from INS custody at some point, but he was re-arrested and taken into custody in New Jersey on October 7, 2004.  After his re-arrest, on October 22, 2004, Smallhorne filed a motion to reopen his case with the BIA.  The BIA denied that motion on November 24, 2004.  On December 6, 2004, Smallhorne filed a petition for *habeas corpus* in federal court in New Jersey.  The District Court denied Smallhorne's petition on March 8, 2005, finding it lacked jurisdiction to review, under the auspices of a petition for *habeas corpus*, the BIA's exercise of discretion in denying a motion to reopen.  On March 19, 2005, Smallhorne filed a notice of appeal.

On May 11, 2005, the President signed into law the so-called "Real ID Act."  Pub. L. No. 109-13, 119 Stat. 231.  Among other things, the Real ID Act dramatically alters the regime of judicial review of removal orders by providing that, except in very limited circumstances, "a petition for review filed with an appropriate court of appeals . . . shall

---

[1] Smallhorne did file a petition for *habeas corpus* on July 7, 2000 in the United States District Court for the Southern District of New York.  However, that proceeding was dismissed without prejudice by stipulation of the parties pending the outcome of *Calcano-Martinez v. INS,* 232 F.3d 328 (2d Cir. 2000), which was then pending before the Court of Appeals.  According to the government, the stipulation specified that, if Smallhorne failed to reinstate his petition within 30 days of the Court of Appeals' decision in *Calcano-Martinez*, his petition would be deemed dismissed with prejudice.  The government represents that Smallhorne never reinstated his petition, and therefore it was dismissed with prejudice.  Smallhorne does not dispute this assertion.

be the sole and exclusive means for judicial review of an order of removal. . . ." 8 U.S.C. § 1252(a)(5). District courts therefore no longer have authority to entertain *habeas corpus* petitions that challenge removal orders. *See Bonhometre v. Gonzales*, 414 F.3d 442, 445-46 (3d Cir. 2005); *Jordon v. Attorney Gen.*, 424 F.3d 320, 326 (3d Cir. 2005).

On July 15, 2005, just days after briefing in the instant case was completed, this Court considered how to proceed in a procedural situation akin to Smallhorne's. *See Bonhometre*, 414 F.3d 442. In *Bonhometre*, we noted that "[i]n the Real ID Act . . . Congress was silent as to what was to be done with an appeal from a district court habeas decision that is now pending before a court of appeals." *Id*. at 446. We went on to decide that such petitions "are properly converted to petitions for review and retained by this Court" and are evaluated as if the district court opinion did not exist. *Id*. Smallhorne's petition, like Bonhometre's, was pending before this Court on the day the Real ID Act was signed into law, and we therefore convert it to a petition for review[2].

The sole argument presented by Smallhorne in his brief on appeal from the District Court order denying his habeas petition is that none of his New York convictions,

---

[2] Having been so converted, Smallhorne's case faces an additional procedural oddity created by the Real ID Act. 8 U.S.C. § 1252(b)(2), as amended, instructs that petitions for review "shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." Smallhorne's removal proceedings were conducted in Louisiana, within the geographic reach of the Fifth Circuit. However, § 1252(b)(2) is a venue provision, not a jurisdictional provision, and, under circumstances similar to those presented here, this court has retained cases despite this technical defect in venue. *See Bonhometre*, 414 F.3d at 446 n.5; *Belizaire v. Att'y General*, 152 Fed. Appx. 258, 259 n.1 (3d Cir. 2005). We will follow suit and decide Smallhorne's case.

4

considered independently or in combination, amount to an "aggravated felony" within the meaning of the INA, and he therefore should have been eligible for cancellation of removal. In relying on this argument, Smallhorne ignores the procedural posture of this case. Smallhorne's petition for *habeas corpus* requested relief from the BIA's refusal to reopen his case, not the BIA's dismissal of his appeal on the merits (i.e. – the BIA's determination that his New York drug convictions constituted an aggravated felony)[3]. Absent exceptional circumstances, we do not consider issues on appeal that were not raised with the District Court. *Continental Casualty Co. v. D'Andrea*, 150 F.3d 245, 251 (3d Cir. 1998). Smallhorne points to no exceptional circumstances that would justify our departure from the general rule in this case – indeed, Smallhorne fails even to acknowledge that he did not raise before the District Court the argument he presents in this appeal. It is true that *Bonhometre* instructs us to ignore the District Court opinion in cases, such as this one, that are converted to petitions for direct review. However, *Bonhometre* does not require us to turn a blind eye to the history of the case before us. While we will, in conformity with *Bonhometre*, vacate the District Court's opinion and consider this case as if that opinion did not exist, we see no reason to disregard the fact that Smallhorne's challenge to the merits of the removal order against him is made for the first time in this appeal. We will not consider that challenge, as it was not presented in

---

[3] The BIA's merits ruling was referred to, and characterized as erroneous, in the *habeas* petition, but that was not the asserted BIA error on which petitioner grounded his claim of entitlement to *habeas* relief.

5

the petition filed by Smallhorne in the District Court[4].

The only matter properly before this court is the issue that was presented to the District Court – namely, the propriety of the BIA's denial of Smallhorne's motion to reopen[5]. A motion to reopen a case in the BIA is governed by 8 C.F.R. § 1003.2(c), which provides, with certain exceptions not applicable here, that a "motion [to reopen] must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened." Smallhorne filed his motion to reopen with the BIA at least four years too late. We therefore discern no error in the BIA's denial of the motion to reopen. We will deny the petition for review.

---

[4] *See* note 3, *supra*.

[5] While that issue was not addressed in the brief filed on Smallhorne's behalf in this Court, we will consider the issue since it was the focus of the *habeas* petition that initiated the litigation now before us.