

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-15-2006

# Jameson v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4466

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Jameson v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1105.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1105

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4466

SELWIN JAMESON,
Petitioner

v.

BUREAU OF IMMIGRATION & CUSTOMS ENFORCEMENT;
ATTORNEY GENERAL USA

_____

On Petition for Review of an Order
of the Board of Immigration Appeals
(Agency No. A18 852 024)
Immigration Judge Walter Durling

_____

Submitted Under Third Circuit LAR 34.1(a)
April 7, 2006

Before: McKEE, FUENTES and NYGAARD, Circuit Judges.

(Filed: May 15, 2006)

_____

OPINION
_____

PER CURIAM

I.

Selwin Jameson, a native and citizen of Trinidad and Tobago, immigrated to the United States as a young child in 1969. In 2003, Jameson was convicted of statutory sexual assault pursuant to Pa. C. S. § 3122.1 and corruption of a minor pursuant to Pa. C.S. § 6301. Jameson was subsequently charged with removability for being an alien convicted of an aggravated felony, to wit the sexual abuse of a minor and a crime of violence, 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1101(a)(43)(A), 1101(a)(43)(F); and convicted of child abuse, 8 U.S.C. § 1227(a)(2)(E)(i). Respondent's Exh. A. The Immigration Judge ("IJ") found Jameson removable for having been convicted of the sexual abuse of a minor, and therefore being an aggravated felon, and for having been convicted of child abuse.[1] Respondent's Exh. C. The Board of Immigration Appeals ("BIA") affirmed. Respondent's Exh. D.

In November 2004, Jameson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the District Court for the Middle District of Pennsylvania.[2] The portion of the habeas petition challenging Jameson's order of removal was transferred to this Court as petition for review pursuant to the Real ID Act of 2005 § 106(c), Pub L. No.

---

[1] We recognize that the Immigration Judge ("IJ") cites to the removability provision for crimes of moral turpitude when concluding that Jameson was convicted of a crime of child abuse. See IJ Oral Decision at 2 (citing INA § 237(a)(2)(A)(i)). The citation was likely inadvertent as the caption of the IJ's decision, the Notice to Appear and the BIA decision all refer to INA § 237(a)(2)(E)(i), the proper removability provision for crimes of child abuse. See 8 U.S.C. § 1227(a)(2)(E)(i).

[2] Jameson was removed in January 2005.

2

109-13, 119 Stat. 231. We have jurisdiction to review Jameson's questions of law. 8

U.S.C. § 1252(a)(2)(D); Singh v. Gonzales, 432 F.3d 533, 537 (3d Cir. 2006).

II.

Jameson argues that he is a "national" of the United States and thus not removable

as an "alien". A national is either a citizen of the United States, or "a person who, though

not a citizen of the United States, owes permanent allegiance to the United States." 8

U.S.C. § 1101(a)(22). For Jameson, as a citizen of another country, "nothing less than

citizenship will show 'permanent allegiance to the United States.'" Salim v. Ashcroft, 350

F.3d 307, 310 (3d Cir. 2003). Although Jameson apparently applied for naturalization, he

concedes that his application was never approved. See Petition for Writ of Habeas

Corpus at 1-2 (asserting that application was misplaced by the government). Thus,

Jameson never obtained U.S. citizenship and therefore is not a national. See Salim, 350

F.3d at 310 (recognizing that the mere filing of an application for naturalization does not

establish a person's status as a national).[3]

Jameson also argues that he is not an aggravated felon because his conviction was

not for a crime of violence. See Petition for Writ of Habeas Corpus at 2-3. We need not

address this argument. Jameson was not found removable based on committing a crime

of violence, but rather based on his conviction constituting the sexual abuse of a minor

---

[3] Jameson's reliance on United States v. Morin, 80 F.3d 124 (4th Cir. 1996) is misplaced, as we have expressly rejected that case. See Salim, 350 F.3d at 310 (finding Morin "wholly unpersuasive").

and a crime of child abuse.  Jameson does not dispute these findings.[4]

Accordingly, we will deny the petition for review.

---

[4] Even if Jameson does challenge the IJ's findings of sexual abuse of a minor and child abuse, we could not consider the claims because they were not presented to the BIA. See 8 U.S.C. § 1252(d)(1) (requiring exhaustion of administrative remedies); Bonhometre v. Gonzales, 414 F.3d 442, 447 (3d Cir. 2005) (recognizing that petitioner must exhaust claim by presenting it the IJ and BIA);  BIA Dec. at 1.