

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-15-2006

# Fortune v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4759

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Fortune v. Atty Gen USA" (2006). *2006 Decisions*. Paper 590.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/590

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4759
_____

KEITH FORTUNE,

Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,

Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A31-291-288
_____

Submitted Under Third Circuit LAR 34.1(a)
August 15, 2006

BEFORE: BARRY, CHAGARES and COWEN, <u>CIRCUIT JUDGES</u>

(Filed: August 15, 2006)

_____

OPINION
_____

PER CURIAM

Keith Fortune, a citizen of Trinidad and Tobago, seeks review of a final order

issued by the Board of Immigration Appeals ("BIA"). For the reasons that follow, we will deny the petition.

Fortune was paroled into Newark, New Jersey, on June 10, 2001. Subsequently, in April 2003, a jury in the United States District Court for the District of New Jersey convicted him of conspiracy to import cocaine in violation of 21 U.S.C. § 963, and of importation of cocaine in violation of 21 U.S.C. § 952(a), § 960(b)(1)(c), and 18 U.S.C. § 2. Fortune served a term of 51 months' imprisonment and is currently on probation for five years.

In January 2005, the Department of Homeland Security charged Fortune with being removable pursuant to 8 U.S.C. §§ 1182(a)(2)(A)(i)(II) and (a)(2)(C) for having been convicted of a controlled substance crime and for being a trafficker in illicit controlled substances. The Immigration Judge ("IJ") continued the removal proceedings several times at Fortune's request in order that he could attempt to secure an attorney. At a hearing in April 2005, Fortune, through counsel, admitted the charges except the charge that he is not a citizen or national of the United States. He asserted that he qualifies as a national of the United States. In support, Fortune stated that he had filed an application for naturalization in 1988, had registered for the selective service that same year, and had voted several times as a resident of New York.[1] He was unable to produce any application for naturalization, but he did submit proof that he registered for selective

---

[1] Fortune claims that he originally entered the United States with his mother, stepfather and siblings in 1972, and that he obtained Legal Permanent Resident status.

service and that he had previously voted in New York elections. The IJ disagreed with Fortune's argument, relying upon our decision in Salim v. Ashcroft, 350 F.3d 307 (3d Cir. 2003), and BIA precedent. On appeal, the BIA affirmed the IJ's decision. Fortune timely petitioned this Court for review.[2]

There is no reason for us to disturb the BIA's order in this case as this issue is well-settled. A national is either a citizen of the United States, or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." INA § 101(a)(22) [8 U.S.C. §1101(a)(22)]. For a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'" Salim, 350 F.3d at 310. Fortune's statement that he applied for naturalization, even coupled with his registering for selective service and proof that he voted for a few years in New York, does not render him a citizen or national of the United States. See id; Marquez- Almanzar v. INS, 418 F.3d 210, 216-18 (2d Cir. 2005).

Finally, in his brief, Fortune argues that his convictions do not qualify as aggravated felonies.[3] Because Fortune never presented this claim to the IJ, the claim is

---

[2] The BIA originally issued its order on September 26, 2005, but on October 28, 2005, the BIA vacated it and issued a new order (incorporating the text of the original order) to correct a defect in service. Fortune had filed his appeal of the September 26 order before the BIA reissued its order. However, by order of the Clerk of this Court entered on November 30, 2005, Fortune's petition for review was amended to include the reissued order of the BIA.

[3] Although Fortune's point is not entirely clear, he is possibly arguing that he is entitled to cancellation of removal pursuant to INA § 240A. Assuming, *arguendo,* that Fortune is correct that he obtained Legal Permanent Resident status, the Attorney General may cancel removal if the alien: (1) has been a lawful permanent resident at least five

3

deemed unexhausted.  Absent exhaustion of available administrative remedies, we are

without jurisdiction to consider the claim.  <u>See</u> INA § 242(d)(1) [8 U.S.C. § 1252(d)(1)].

For these reasons, and after careful consideration of the record and the parties'

contentions, we will deny Fortune's petition for review.

---

years; (2) has resided continuously in the U.S. for seven years; and (3) has not been
convicted of any aggravated felony.  8 U.S.C. § 1229b(a).