

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-29-2007

# Nunez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2974

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Nunez v. Atty Gen USA" (2007). 2007 Decisions. Paper 1411.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1411

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 05-2974

---

DANIEL NUNEZ,

Petitioner

v.

ATTORNEY GENERAL OF
THE UNITED STATES,

Respondent

---

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge:  Honorable Charles M. Honeyman
(No. A40-075-800)

---

Argued October, 4, 2006

Before: AMBRO, FUENTES and NYGAARD, Circuit Judges

(Opinion filed:   March 29, 2007)

Jude Roberto Cardenas, Esq. (Argued)
Cardenas and Associates
250 West 57th Street, Suite 1023
New York, NY  10107

      Counsel for Petitioner

Thomas A. Marino, Esq.
   United States Attorney
Stephen R. Cerutti, II, Esq. (Argued)
   Assistant U.S. Attorney
Office of the United States Attorney
228 Walnut Street
P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA   17108

   Counsel for Respondent

————————

OPINION

————————

AMBRO, Circuit Judge

This is a petition for review of a final order of removal.  Because the Board of Immigration Appeals ("BIA") applied the wrong legal standard in determining whether the Dominican Republic government would acquiesce to Daniel Nunez's torture upon his return to that country, we grant the petition for review of his deferral of removal claim and remand for further proceedings.

I.

Daniel Nunez, a native and citizen of the Dominican Republic, has been a lawful permanent resident of the United States since 1986.  He is the father of two United States-citizen children, and his parents and four siblings reside in the United States. Beginning in 1991, Nunez was involved in a number of drug-related crimes, culminating in a 1999 guilty plea for conspiracy to distribute, and possession with intent to distribute,

cocaine. He was sentenced to 96 months' imprisonment.

Also beginning in 1991, Nunez provided significant information to the United States Government in connection with its ongoing investigation into certain drug-running operations based in the Dominican Republic. The information Nunez provided, at grave danger to himself, concerned murders and drug crimes committed by a leading narcotics trafficker, Jose Hernandez (also known as Pachuco), and other members of his operation. Based in large part on Nunez's help, the Government was able to make arrests and, ultimately, obtain convictions of a number of significant players in the Dominican Republic drug-running operations.

Unfortunately, many details about Nunez's help leaked out, and those against whom he cooperated found out about his work for the Government. This precipitated at least one documented attempt to kidnap him. Additionally, subsequent to his cooperation, a number of individuals affiliated with Hernandez visited Nunez's family's home in the Dominican Republic and threatened to kill him if he returned. Hernandez apparently remains in the Dominican Republic and knows about Nunez's cooperation.

These threats prompted District Judge Peter K. Leisure, during a sentencing colloquy, to express profound concern that Nunez would be harmed if removed to the Dominican Republic. On the record, he stated "[t]o the extent it is helpful, the court is willing to make a recommendation that [Nunez] not be deported because of his cooperation," and "I also cannot order that the defendant not be deported, but I can make

3

a recommendation[,] and do, that he not be deported and request that consideration be given of whether he qualifies for the witness protection program based on safety considerations . . . ." These concerns were apparently shared by the federal prosecutor, as the Immigration Judge ("IJ") noted in his oral decision that "[t]he contents of [the criminal] proceeding[] indicate that the judge and the prosecutor . . . have argued that [Nunez] should not be deported or removed from the United States because of the cooperation he gave to our Government and the risk that he faces in the Dominican Republic."

Nevertheless, while serving his sentence on the 1999 drug charge, the Government placed Nunez in removal proceedings, charging that he was removable pursuant to §§ 237(a)(2)(A)(iii) and 237(a)(2)(B)(i) of the Immigration and Nationality Act as an alien convicted of an aggravated felony and as an alien convicted of a crime relating to a controlled substance.

Nunez sought asylum and withholding of removal under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"). 8 C.F.R. §§ 208.16, 208.18. After a hearing, the IJ denied Nunez's claims and ordered him removed to the Dominican Republic. Specifically, the IJ found:

(1) Nunez's aggravated felony made him ineligible for asylum;
(2) His aggravated felony made him ineligible for cancellation of removal;
(3) He was ineligible for withholding of removal because he had been convicted of a "particularly serious crime;"
(4) He was ineligible for relief under the CAT "because of the same mandatory

4

bar that applies to his ineligibility for withholding of removal;" and

(5)   He was eligible for deferral of removal under the CAT, but he could not prevail on that claim because of his inability to show that he would be tortured with the consent or acquiescence of a public official.

In addition, the IJ denied Nunez's claim that he was actually a national of the United States because, although Nunez had applied for naturalization, "he was not sworn in as a United States Citizen in a formal oath ceremony." App. at 11 (citing *Navas-Acosta*, 23 I. & N. Dec. 586, 588 (BIA 2003) ("[N]ationality under the Act may be acquired only through birth or naturalization.")); *see also Salim v. Ashcroft*, 350 F.3d 307, 310 (3d Cir. 2003) (holding that "nothing less than citizenship" will demonstrate that petitioner is a national).

Nunez appealed to the BIA, which affirmed the decision of the IJ, agreeing that (1) Nunez was not a national, and (2) he could not show that the Dominican Republic government would likely acquiesce to his torture. Nunez then filed a petition for review in this Court, which we terminated for his failure to file a brief in support of his petition. Then, in March 2005, he filed a petition for writ of *habeas corpus* with the District Court for the Middle District of Pennsylvania. That action was transferred to our Court pursuant to the REAL ID Act, and we construe it as a petition for review . 8 U.S.C. § 1252(a)(5); *see also Kamara v. Att'y Gen.*, 420 F.3d 202, 209–10 (3d Cir. 2005).

## II.

The only argument Nunez made in his initial brief to us was that removing him would violate his right to due process under the state-created danger doctrine. This

5

argument is foreclosed by *Kamara*, in which we held "that the state-created danger exception has no place in our immigration jurisprudence." 420 F.3d at 217. We explained that applying the doctrine "would impermissibly tread upon the Congress'[s] virtually exclusive domain over immigration, and would unduly expand the contours of our immigration statutes and regulations, including the regulations implementing the CAT." *Id.* at 218. We have no occasion to revisit that holding here, and so we must reject Nunez's argument.

III.

Despite the failure of Nunez's state-created danger argument, his case is troubling because both the IJ and Judge Leisure found that Nunez's fear of retaliation from criminals in the Dominican Republic was genuine and credible. It appears that removing Nunez would place him in serious danger of being tortured and/or killed. Under these circumstances, we find it appropriate not to enforce our general rule that arguments not raised on appeal are waived; hence we will consider whether there are other grounds for granting the petition for review. *See Filja v. Gonzales*, 447 F.3d 241, 256 n.8 (3d Cir. 2006); *Altman v. Altman*, 653 F.2d 755, 757 (3d Cir. 1981).

Here, the IJ and BIA applied an incorrect legal standard to Nunez's CAT claim. Specifically, Nunez argued that he would be tortured upon his return by people politically connected to the Dominican Republic government. He further argued that neither the government nor the police would aid him because of their connections to his torturers. This is, essentially, a willful blindness claim, as Nunez asserts not that the Government

6

will torture him or actively consent to his torture, but that it will turn a "blind eye" to his pleas for help. The BIA rejected this claim, citing its decision in *In re S-V-*, 22 I. & N. Dec. 1306, 1312 (BIA 2000), in which it held that only willful acceptance constitutes acquiescence under the CAT. We have since overruled *In re S-V-*, holding instead that willful blindness fits the CAT's definition of acquiescence. *Silva-Rengifo v. Att'y Gen.*, 473 F.3d 58, 70 (3d Cir. 2007).[1]

Because the BIA's decision was based on an error of law, we grant the petition and remand to the BIA to remand to the IJ for a re-evaluation of the evidence under the correct legal standard.

---

[1] Our decision in *Silva-Rengifo* followed from a line of cases from other courts of appeals that reached the same result. *See, e.g.*, *Menijvar v. Gonzales*, 416 F.3d 918, 923 (8th Cir. 2005); *Lopez-Soto v. Ashcroft*, 383 F.3d 228, 240 (4th Cir. 2004); *Khouzam v. Ashcroft*, 361 F.3d 161, 170–71 (2d Cir. 2004); *Zheng v. Ashlcroft*, 332 F.3d 1186, 1194 (9th Cir. 2003).