MEMORANDUM *
Appellant Matías Velazquez appeals the district court’s order denying his “Motion to Vacate Plea of Guilty & Set Aside Judgement [sic]/Motion for Expungement.” We affirm.
Like the court below, we construe Velazquez’s motion as a petition for error coram nobis relief. In order to obtain co-ram nobis relief, a movant must establish that: “(1) a more usual remedy is not available; (2) valid reasons exist for not *622 attacking the conviction earlier; (3) adverse conséquences exist from the conviction to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character,” Hirabayashi v. United States, 828 F.2d 591, 604 (9th Cir. 1987).
A movant may satisfy the fundamental error requirement by showing that he received ineffective assistance of counsel. United States v. Kwan, 407 F.3d 1005, 1014 (9th Cir. 2005). To prevail on an ineffective assistance of counsel claim, a petitioner must show that (1) counsel’s performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that but for deficiencies in counsel’s performance, the result of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 80 L.Ed.2d .674 (1984). Velazquez has not made either showing.
I
Because Velazquez’s guilty plea occurred before the Supreme Court decided Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), an allegation that his counsel merely “failed to advise” him about the immigration consequences of his plea is insufficient to satisfy Strickland’s first prong. Padilla, 559 U.S. at 371, 130 S.Ct. 1473; see also Chaidez v. United States, — U.S. -, 133 S.Ct. 1103, 1105, 185 L.Ed.2d 149 (2013). Rather, Velazquez must demonstrate that his attorney “affirmatively misle[d]” him regarding the immigration consequences of a guilty plea. Kwan, 407 F.3d at 1008; see also United States v. Chan, 792 F.3d 1151, 1154 (9th Cir. 2015). We doubt whether Velazquez has done so.
First, we do not believe it would have been apparent to any competent lawyer at the time of Velazquez’s plea that his 'crime constituted an aggravated felony. The statute to which Velazquez pled guilty contains no specific dollar amount as an element, and it took the Supreme Court’s decision in Nijhawan v. Holder, 557 U.S. 29, 32, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009), to clarify that courts ought to examine the record of conviction rather than the statutory elements alone to determine whether the $10,000 requirement in 8 U.S.C. § 1101(a)(43)(M)(i) is satisfied. See Kawashima v. Mukasey, 530 F.3d 1111, 1118-24 (9th Cir. 200$) (O’Scannlain, J. concurring) (explaining the confusion surrounding 8 U.S.C. § 1101(a)(43)(M)(i) in the Ninth Circuit prior to Nijhawan).
Second, Velazquez’s attorney did not affirmatively mislead him. Unlike the attorney in Kwan, Attorney de la Vara did not deny that Velazquez’s plea could have immigration consequences. Instead, he told Velazquez he “could not guarantee what the INS would do” and “did not promise [him]. that he would not be deported.” Granted, Attorney de la Vara told Velazquez that in his experience, the INS “usually followed” a court’s recommendation against deportation, when the court’s power to make mandatory recommendations had since been rescinded. See Padilla, 559 U.S. at 361-64, 130 S.Ct. 1473 (explaining Congress’s decision to do away with the JRAD procedure). But even accounting for this change in law, Attorney de la Vara’s statement was hardly an affirmative misrepresentation. By stressing that the INS “usually followed” a court’s recommendation, Attorney de la Vara implied that the recommendation would not be binding. .
Moreover, the INS still possesses discretion to abandon deportation proceedings in cases involving aggravated felonies, and courts sometimes do make recommendations that the INS do just that. See Reno v. American-Arab Anti-Discrimi *623 nation Comm., 525 U.S. 471, 483-84, 119 S.Ct. 936, 142 L.Ed.2d 940 (1999) (explaining that at each stage of deportation proceedings “the Executive has discretion to abandon the endeavor”); see also, e.g., Nunez v. Attorney General, 226 Fed.Appx. 177, 178-79 (3d Cir. 2007) (describing a district court’s recommendation that an individual who had committed an aggravated felony not be deported); United States v. Aguilar, 133 F.Supp.3d 468, 470 (E.D.N.Y. 2015) (setting out a policy “regarding the issuance of recommendations to immigration judges adjudicating deportation proceedings of nonviolent citizens who have been found guilty of an illegal activity”). Velazquez’s counsel did not render deficient performance.
II
Even if it is assumed that Velazquez has satisfied the performance prong under Strickland, Velazquez has also failed to establish a reasonable probability he was prejudiced by his attorney’s performance. Thus, he cannot establish the fundamental error requirement under Hir-abayashi. See Kwan, 407 F.3d at 1014-15.
In the context of a plea, a petitioner satisfies the prejudice prong of the Strickland test only where “there is a reasonable probability that, but for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). No such probability exists in Velazquez’s case. In his declaration, Attorney de la Vara stated that the prosecutor did not offer Velazquez a plea agreement to any other offense, despite de la Vara’s concern over immigration consequences. That obstinance on the part of the prosecutor makes sense, as Attorney de la Vara also observed that “the evidence against Mr. Velazquez was strong” and that Velazquez did not have “any viable trial defenses.” In light of these' facts, we think it highly unlikely that Velazquez would have assumed the risk of going to trial, or could have avoided the immigration consequences of a conviction by doing so. Because the evidence did not demonstrate that Velazquez could have secured a more favorable plea agreement or would have proceeded to trial, we cannot conclude that Velazquez was prejudiced by his attorney’s performance.
AFFIRMED.

 This disposition, is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.