

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-12-2007

# Jah v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3921

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jah v. Atty Gen USA" (2007). *2007 Decisions.* Paper 78.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/78

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-36                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-3921
_____

MUHAMMAD WURIE JAH,
                                                    Appellant,
                                  v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review from the Board of Immigration Appeals
BIA No. A46-372-828

Initially Docketed as an Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 07-cv-01260)
Pursuant to Real ID Act.
District Judge:  Honorable Christopher C. Conner

_____

Submitted for Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2007

Before:  McKee, Rendell and Smith, Circuit Judges

(Opinion filed   December 12, 2007 )
_____

OPINION
_____

PER CURIAM

Appellant Muhammad Wurie Jah, a citizen of the Netherlands, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, in which he challenged his current detention. Jah is a detainee of the United States Immigration and Customs Enforcement ("ICE") at the Clinton County Correctional Facility in McElhattan, Pennsylvania. On February 23, 2006, ICE issued a Notice to Appear for removal proceedings, charging Jah as removable under 8 U.S.C. § 1227(a)(2)(A)(iii), because he was convicted of an aggravated felony as defined by 8 U.S.C. § 1101(a)(43)(M). Jah was convicted in a United States District Court of aiding and abetting wire fraud in violation of 18 U.S.C. § 2 and § 1343. An Immigration Judge sustained the charge and found Jah removable on February 23, 2007. While Jah's appeal to the Board of Immigration Appeals was pending, he filed the instant habeas corpus petition on July 12, 2007, seeking release. The District Court denied it in an order entered on July 31, 2007. Jah appeals.

We will summarily affirm under Third Circuit LAR 27.4 and I.O.P. 10.6, because it clearly appears that no substantial question is presented by this appeal. As a threshold matter, the REAL ID Act of 2005 eliminated judicial review in habeas of a final order of removal. See Papageorgiou v. Gonzales, 413 F.3d 356, 358-59 (3d Cir. 2005). However, Jah challenged an immigration detainer on statutory and constitutional grounds, and, at the time he filed his habeas corpus petition, no final order of removal had been entered. The habeas jurisdiction stripping provision of the Real ID Act does not apply to federal

2

habeas corpus petitions that do not involve final orders of removal. See Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006). Federal district courts retain habeas jurisdiction to examine the statutory and constitutional basis for a detention unrelated to a final order of removal.

However, as explained by the District Court, the detention of an alien pending a final order of removal is authorized by 8 U.S.C. § 1226(a). Although section 1226(a) permits the Attorney General to release an alien[1] on bond in the exercise of his discretion, section 1226(c)(1) provides that: "The Attorney General shall take into custody any alien who – (B) is deportable by reason of having committed any offense covered in [section 1227(a)(2)(A)(iii)]," the aggravated felony provision. Jah's detention pursuant to 8 U.S.C. § 1226(c) is mandatory and does not violate due process even though he is a lawful permanent resident. DeMore v. Kim, 538 U.S. 510, 523-24 (2003).[2]

We will summarily affirm the order of the District Court denying the habeas petition.

---

[1] Jah's long residence in the United States and application for naturalization does not qualify him for United States nationality. Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003).

[2] The specific issue presented by Jah's petition is now moot in any event. On August 27, 2007, the Board of Immigration Appeals dismissed his appeal. Jah's detention pursuant to a final order of removal is authorized by 8 U.S.C. § 1231(a)(2). See also 8 U.S.C. § 1231(a)(6); Zadvydas v. Davis, 533 U.S. 678 (2001). Jah's petition for review of the BIA's decision is pending in this Court at C.A. No. 07-3841.