OPINION OF THE COURT
 

 PER CURIAM.
 

 The Board of Immigration Appeals dismissed Petitioner Mohammed Salim’s appeal from an Immigration Judge’s decision that found him removable and ineligible for relief from removal. Salim filed a timely petition for review. The Government has filed a motion to dismiss, arguing that this Court lacks jurisdiction over the petition for review because Salim is a criminal alien. A panel of this Court referred the motion to dismiss to this merits panel. We will grant the motion to dismiss.
 
 [1]
 

 I.
 

 We lack jurisdiction to review a final order of removal against an alien who is removable because he has committed an aggravated felony.
 
 Liang v. INS,
 
 206 F.3d 308, 321-22 (3d Cir.2000). Nevertheless, we have jurisdiction to determine jurisdictional facts; that is to say, we are empowered to decide whether Salim is an alien, and whether he committed an aggravated felony.
 
 Drakes v. Zimski,
 
 240 F.3d 246, 247 (3d Cir.2001). Salim does not contest the fact that he committed an aggravated felony. Instead, he argues that he is not an “alien” because he is a “national” of the United States. Pursuant to 8 U.S.C. § 1252(b)(5), in conjunction with a petition for review, we may determine nationality claims if no genuine issue of material fact about the petitioner’s nationality is presented. Here, the Government does not contest any of the factual bases for Salim’s claim, but argues that Salim is not a national as a matter of law. Thus, we can properly consider Salim’s claim.
 

 II.
 

 Mohammed Salim is a citizen of Bangladesh who was admitted to the United States as an immigrant in 1986. In June of 1996, he filed an application for naturalization, which was denied in September of that same year. The denial cites 8 C.F.R. § 316.10(c)(1), which indicates that “[a]n application [for naturalization] will not be approved until after the probation, parole, or suspended sentence has been completed.” The decision states that Salim’s record showed “a 3 year period of conditional discharge to expire on 10-20-99.” Admin. Record at 68. His application also shows that he registered under the Selective Service laws on July 3,1996.
 

 On January 22, 2001, Salim pleaded guilty to conspiracy to commit bank fraud, and ten counts of bank fraud in violation of 18 U.S.C. §§ 371 and 1344. He was sentenced to a term of imprisonment of seven
 
 *257
 
 ty months, to be followed by five years of supervised release. On March 16, 2001, the INS served Salim with a notice to appear, charging him with removability due to his aggravated felony offenses. An Immigration Judge found him removable as charged, and Salim appealed to the Board of Immigration Appeals. Salim argued that he was not removable because he is a “national” of the United States, because he had filed a naturalization application and had registered with the Selective Service. The BIA rejected his arguments and dismissed the appeal.
 

 The Immigration and Nationality Act defines a “national” as “(A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.” 8 U.S.C. § 1101(a)(22). Salim argues that he is a national under subpara-graph (B) of this section. His argument relies primarily on three cases. In
 
 Hughes v. Ashcroft, 255
 
 F.3d 752,
 
 755
 
 (9th Cir.2001), the petitioner was born in Poland in 1956, but was adopted by two U.S. citizens in 1960 and brought to the United States as an immigrant. He was never naturalized. The petitioner argued that due to his long residency, his lack of allegiance to Poland, and his allegiance to the United States, he was a U.S. national. The Court rejected his argument, concluding that long-term residency was not sufficient, and stating that for a person born outside of the U.S. to establish that he is a national he must “at a minimum, demonstrate (1) birth in a United States territory or (2) an application for United States citizenship.”
 
 Id.
 
 at 757. Because the petitioner did not meet either of those requirements, the Court declined to consider “what additional facts (if any) he would have to show.”
 
 Id.
 

 However, in
 
 Perdomo-Padilla v. Ashcroft,
 
 the Ninth Circuit Court of Appeals rejected the mere application for citizenship as a way to establish that one is a national and further refined its test by holding that “one may become a ‘national of the United States’ only through birth or by
 
 completing
 
 the process of becoming a naturalized citizen.” 333 F.3d 964, 969 (9th Cir.2003) (emphasis added). The Court explained that in
 
 Hughes
 
 it had “expressly declined to decide whether an application for naturalization, standing alone, is sufficient to confer nationality on an alien.”
 
 Id.
 
 at 971. The Court held, based on (1) the traditional meaning of “national” (i.e., those born in U.S. territories), (2) the statutory definition and context, and (3) the regulatory context, that birth and naturalization are the only routes to becoming a national.
 
 Id.
 
 at 967-71.
 
 [2]
 

 The Court in
 
 Perdomo-Padilla
 
 also distinguished and disapproved of the holdings of the two other cases on which Salim relies:
 
 United States v. Morin,
 
 80 F.3d 124, 126-27 (4th Cir.1996); and a District Court case,
 
 Lee v. Ashcroft,
 
 216 F.Supp.2d 51 (E.D.N.Y.2002). In
 
 Morin,
 
 a criminal defendant argued that he could not be convicted of murder-for-hire, because his intended victim was not a national of the United States, but was a Mexican citizen. The Court held that the intended victim,
 
 *258
 
 who was a permanent resident alien of the United States who had applied for naturalization, was indeed a “national,” and stated that, “an application for citizenship is the most compelling evidence of permanent allegiance to the United States short of citizenship itself.”
 
 Morin,
 
 80 F.3d at 126. However, as the Ninth Circuit noted, the
 
 Morin
 
 court provided no reasoning for its conclusion that the victim was a national, aside from the quote above. Like the Ninth Circuit, we find this case wholly unpersuasive.
 

 We are similarly unpersuaded by
 
 Lee.
 
 In
 
 Lee,
 
 the petitioner had been a permanent resident for nearly thirty years, was married to a U.S. citizen, had two citizen children and two naturalized citizen parents, and had applied for naturalization and registered for the Selective Service.
 
 Lee,
 
 216 F.Supp.2d at 58-59. The Court found that the petitioner was a “national,” but relied on the petitioner’s subjective allegiance to the United States, and did not engage in a complete analysis of what it means to be a “national” of the United States.
 

 Although we have not had the occasion to decide what a petitioner must show to prove he “owes permanent allegiance to the United States,” we now join the Court of Appeals for the Ninth Circuit in holding that simply filing an application for naturalization does not prove that one “owes a permanent allegiance to the United States.” We conclude that for one such as Salim who is a citizen of another country, nothing less than citizenship will show “permanent allegiance to the United States.”
 

 Salim cannot complete his application process and become a citizen because he is permanently ineligible for citizenship as a result of his 2001 conviction of an aggravated felony.
 
 See 8
 
 U.S.C. § 1427(a)(3) (applicant for naturalization must be person of good moral character); 8 U.S.C. § 1101(f)(7), (8) (person who has served 180 days or more of imprisonment or has been convicted of aggravated felony cannot be found to be of good moral character). Thus, we hold that Salim is not a “national.” Although he may subjectively declare an allegiance to the United States, that is not sufficient. This country has not conferred any status on him that would cause him to “owe” his allegiance to the United States. We will dismiss for lack of jurisdiction.
 
 See Patel v. Ashcroft,
 
 294 F.3d 465, 468 (3d Cir.2002).
 

 [1]
 

 . On July 15, 2003, this merits panel filed a not-precedential per curiam opinion dismissing the petition. Upon motion to the Court, the panel entered an order vacating the not-precedential per curiam opinion and granted the motion to enter this published opinion.
 

 [2]
 

 . The BIA has come to a similar decision in
 
 In re Navas-Acosta,
 
 23 I. & N. Dec. 586, 586-87, 2003 WL 1986475 (2003). The Ninth Circuit determined that the BIA’s interpretation of the statute was not entitled to deference pursuant to
 
 Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.,
 
 467 U.S. 837, 843, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), finding that Congress did not grant discretion to the BIA to decide questions of law related to nationality.
 
 Perdomo-Padilla,
 
 333 F.3d at 966-67. We need not determine whether
 
 Chevron
 
 deference is due, as we come to the same conclusion even using a less deferential standard of review.