

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-22-2005

# Brown v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2550

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Brown v. Atty Gen USA" (2005). *2005 Decisions.* Paper 206.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/206

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-2550
_____

CLIVE BROWN,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A15 219 553)

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
NOVEMBER 14, 2005
BEFORE: BARRY, STAPLETON AND GREENBERG, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed:  November 22, 2005)
_____

OPINION
_____

PER CURIAM

Clive Brown, a citizen of Jamaica, seeks review of a final order of removal issued

by the Board of Immigration Appeals (BIA).  For the following reasons, we will deny the

petition for review.

Brown entered the United States as a nonimmigrant in 1992 and adjusted his status

to lawful permanent resident in 1993.  He married a citizen of the United States in 1994

and applied for naturalization. On April 3, 1996, Brown was arrested and charged in New York with the criminal sale of a controlled substance. Two weeks later, on April 16, 1996, he was sworn in as a United States citizen in the United States District Court for the Western District of New York, without revealing his recent arrest and pending charge. A year later, in April 1997, he was convicted on the 1996 charge.

In February 2001, Brown pleaded guilty in the District Court to unlawfully procuring citizenship and naturalization in violation of 18 U.S.C. § 1425(a). As a result, the District Court revoked Brown's citizenship and cancelled the certificate of naturalization. Based on his 1997 conviction and his 2001 conviction, the government charged Brown with removability for having been convicted of two crimes involving moral turpitude under 8 U.S.C. § 1227(a)(2)(A)(ii).

In 2003, Brown again pleaded guilty in the District Court, this time to conspiracy to import five kilograms or more of cocaine. The District Court sentenced Brown to 135 months in prison. Based on this conviction, the government amended its charges to include removability for having been convicted of an aggravated felony under 8 U.S.C. § 1227(a)(2)(A)(iii).

Brown appeared before an immigration judge (IJ) and argued that he is not subject to removal because he is a national of the United States, not an alien. He did not apply for any form of relief from removal, however. The IJ ruled that Brown is an alien, not a national or a citizen of the United States, and ordered him removed to Jamaica. On

appeal to the BIA, Brown again argued that he is a national of the United States. The BIA, by single member, affirmed the IJ's decision without opinion.

Brown filed a timely petition for review in this Court.[1] Again, his sole argument is that he is a national of the United States. We disagree. A national is either a citizen of the United States, or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). For a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'" Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003). Here, Brown completed the naturalization process in 1996. His citizenship was subsequently revoked, however, because it was obtained unlawfully. Consequently, Brown is not a citizen of the United States and thus cannot be deemed a national.

Brown's attempt to invoke the rule of lenity does not further his cause. The rule of lenity is a canon of statutory construction reserved for the criminal context. See Valansi v. Ashcroft, 278 F.3d 203, 214 n.9 (3d Cir. 2002). In the immigration context, a similar canon requires construction of "any lingering ambiguities in deportation statutes in favor of the alien." Id. (quoting INS v. Cardoza-Fonseca, 480 U.S. 421, 449 (1987)). Here,

---

[1]Because Brown's nationality claim presents a question of law, we have jurisdiction to review it, his convictions notwithstanding. See 8 U.S.C. §§ 1252(a)(2)(C) and (D); Bonhometre v. Gonzales, 414 F.3d 442, 445 (3d Cir. 2005). We exercise plenary review over Brown's nationality claim. Cf. Jordon v. Attorney General, __F.3d__, 2005 WL 2334686, *5 (3d Cir. Sept. 26, 2005) (exercising plenary review over derivative citizenship claim). Because the BIA affirmed without opinion, we review the IJ's decision and reasoning. See Dia v. Ashcroft, 353 F.3d 228, 245 (3d Cir. 2003) (en banc).

3

however, we are not called to interpret § 1101(a)(22), the statute which defines national. As described above, we interpreted the meaning of § 1101(a)(22) in <u>Salim</u>, a precedential opinion which governs our resolution of the current matter.

For these reasons, we conclude that Brown is not a national. He is instead an alien who is removable for having been convicted of enumerated offenses.[2] Accordingly, we will deny his petition for review.

---

[2]Brown does not challenge the fact that he has been convicted of either an aggravated felony or two crimes involving moral turpitude. Even if he had, we would lack jurisdiction to consider such a challenge due to Brown's failure to raise it on appeal to the BIA. <u>See</u> 8 U.S.C. § 1252(d)(1); <u>Abdulrahman v. Ashcroft</u>, 330 F.3d 587, 594-95 (3d Cir. 2003).