

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2005

# Vasquez v. BICE

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4517

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Vasquez v. BICE" (2005). *2005 Decisions.* Paper 64.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/64

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CPS-68                                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-4517
_____

JOSE VASQUEZ,

Appellant

v.

IMMIGRATION AND CUSTOMS ENFORCEMENT; INTERIM FIELD OFFICE
DIRECTOR FOR DETENTION AND REMOVAL FOR THE PHILADELPHIA
DISTRICT
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 05-cv-00346)
District Judge:  Honorable Malcolm Muir
_____


Submitted For Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
December 8, 2005

BEFORE: BARRY, SMITH and NYGAARD, <u>CIRCUIT JUDGES</u>

(Filed December 21, 2005)

_____

OPINION
_____

PER CURIAM

Jose Vasquez, a native and citizen of the Dominican Republic, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his petition for a writ of habeas corpus, and an order denying his motion for reconsideration. Because this appeal does not raise a substantial question, we will summarily affirm the District Court's orders.

Vasquez was admitted to the United States as an immigrant in 1984. In 2001, he pled guilty in federal court to conspiracy to possess with intent to distribute cocaine. He was sentenced to fifty-seven months in prison. In April 2004, the Immigration and Naturalization Service issued a Notice to Appear charging Vasquez with being subject to removal from the United States based upon his conviction of an aggravated felony, as defined under the Immigration and Nationality Act, and his conviction of a violation of a controlled substance law. In July 2004, the Bureau of Immigration and Customs Enforcement took Vasquez into custody.

An Immigration Judge ("IJ") found Vasquez removable as charged, and in October 2004, denied his applications for asylum, withholding of removal and relief under the Convention Against Torture. The Board of Immigration Appeals ("BIA") affirmed the IJ's decision in March 2005. Vasquez, through counsel, filed a petition for a writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania challenging the IJ's and the BIA's decisions. The District Court stayed Vasquez's removal, and transferred the petition to this Court to be treated as a petition for review

2

under the Real ID Act of 2005, Pub. L. 109-13.  Vasquez's petition is pending.

Shortly before the BIA issued its decision, Vasquez filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania claiming that under Zadvydas v. Davis, 533 U.S. 678 (2001), his continued detention violates his constitutional rights.  The District Court held that Vasquez's petition is premature because he has yet to be detained beyond the six-month time period found presumptively reasonable in Zadvydas.  The District Court denied Vasquez's subsequent motion for reconsideration, and this appeal followed.

Detention of an alien convicted of an aggravated felony is mandatory during the removal proceedings.  8 U.S.C. § 1226(c).  See also Demore v. Kim, 538 U.S. 510, 531 (2003) (upholding constitutionality of § 1226(c)).  Once an alien is ordered removed, the Attorney General shall remove him from the United States within ninety days (the "removal period").  8 U.S.C. § 1231(a)(1)(A).  During the removal period, the Attorney General shall detain the alien.  Id. § 1231(a)(2).  An alien convicted of an aggravated felony may continue to be detained beyond the removal period if he has not yet been removed.  Id. § 1231(a)(6).  If removal is no longer reasonably foreseeable, however, continued detention is no longer authorized.  Zadvydas, 533 U.S. at 699.  The Supreme Court has recognized a six-month period when detention is presumptively reasonable to effectuate an alien's removal.  Id. at 701.

In this case, Vasquez's removal period has yet to begin.  The removal period begins on the latest of (1) the date the order of removal becomes administratively final;

3

(2) if the removal order is judicially reviewed and if a court orders a stay of the alien's removal, the date of the court's final order; and (3) if the alien is confined (except under an immigration process), the date the alien is released from confinement. 8 U.S.C. § 1231(a)(1)(B). Section two applies here, as Vasquez's removal order is in the process of being judicially reviewed, and the District Court ordered a stay of his removal which remains in effect. Vasquez's removal period will begin when this Court decides his petition for review. Thus, we agree with the District Court that Vasquez's challenge to his detention under Zadvydas is premature. However, we reach that conclusion not because the presumptively reasonable six-month period to effectuate an alien's removal has yet to expire, but because the removal period has yet to begin.

In opposing summary action, Vasquez argues that he is entitled to immediate release because he is a national of the United States. Vasquez, however, is not a national. Although he has applied for citizenship, he cannot complete the application process because he is ineligible for citizenship as a result of his conviction of an aggravated felony. See Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003) (holding that an alien convicted of an aggravated felony who could not complete the application process is not a national). The District Court also correctly rejected Vasquez's claim that he is being punished twice for the same offense in violation of his constitutional rights. See INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984) (noting that a deportation proceeding is a purely civil action to determine eligibility to remain in this country). Finally, the District Court did not abuse its discretion in denying Vasquez's motion for reconsideration.

4

Accordingly, we will summarily affirm the District Court's orders.