

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-17-2006

# Kingdale v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3217

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Kingdale v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1558.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1558

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-3217
_____

ATKINS MAGNUS KINGDALE,

Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of a Decision of the
Board of Immigration Appeals
(Agency No. A91 647 047)
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 14, 2006

BEFORE: SLOVITER, SMITH and VAN ANTWERPEN, CIRCUIT JUDGES

(Filed: February 17, 2006 )
_____

OPINION
_____

PER CURIAM

An Immigration Judge ordered Atkins Magnus Kingdale removed to Ghana for

having been convicted of an aggravated felony. The Board of Immigration Appeals (BIA)

dismissed Kingdale's appeal as untimely, and subsequently denied his motion to

reconsider. Kingdale asserts that he is a citizen or national of the United States and seeks review of the BIA's orders. For the following reasons, we will deny his petition for review.

Kingdale, a native of Ghana, was admitted to the United States as a lawful permanent resident in 1990. He applied for naturalization in 1995 and was interviewed in January 1996. In June 1998, while his naturalization application remained pending, Kingdale pleaded guilty in New Jersey to endangering the welfare of a child. He was sentenced to two years probation. Kingdale's application for naturalization was subsequently denied in October 2001.

In September 2003, the government charged Kingdale with removability for having been convicted in 1998 of an aggravated felony, i.e., sexual abuse of a minor. Kingdale appeared before the Immigration Judge (IJ) and moved to terminate removal proceedings on the grounds that his conviction did not constitute an aggravated felony and that he had applied for naturalization. The IJ found Kingdale removable for having committed an aggravated felony, i.e., sexual abuse of a minor, and on December 1, 2003, ordered him removed to Ghana. Kingdale filed a pro se notice of appeal to the BIA on March 24, 2004, which the BIA dismissed as untimely on August 24, 2004.

In September 2004, Kingdale sought to challenge the BIA's order and the order of removal by filing a habeas corpus petition under 28 U.S.C. § 2241 in the District Court. He also filed a motion to reconsider with the BIA. By order entered October 4, 2004, the

2

District Court stayed Kingdale's removal pending a decision on his habeas petition. After the BIA denied Kingdale's motion to reconsider on December 20, 2004, he amended his habeas petition to include a challenge to this order. While his habeas petition was pending, the REAL ID Act of 2005 took effect on May 11, 2005, which required the District Court to transfer the habeas petition to this Court to be treated as a petition for review. See Bonhometre v. Gonzales, 414 F.3d 442, 446 (3d Cir. 2005).

We will deny Kingdale's petition for review. First, to the extent that Kingdale seeks to challenge the IJ's conclusion that his New Jersey conviction for endangering the welfare of a child is an aggravated felony, we lack jurisdiction to consider this challenge. Although Kingdale filed a notice of appeal from the IJ's order, the BIA dismissed the appeal as untimely. Because Kingdale did not present this claim properly to the BIA, the claim is deemed unexhausted. See Popal v. Gonzales, 416 F.3d 249, 252 (3d Cir. 2005). Absent exhaustion of available administrative remedies, we are without jurisdiction to consider the claim. See 8 U.S.C. § 1252(d)(1); Popal, 416 F.3d at 252-53.

Likewise, Kingdale's claim of nationality or citizenship is unexhausted because he failed to file a timely notice of appeal to the BIA. Under this Court's binding precedent, exhaustion of available administrative remedies is a jurisdictional requirement. While this Court has never recognized an exception for a claim of nationality, we are aware that at least one Court of Appeals has. See Theagene v. Gonzales, 411 F.3d 1107, 1111 (9th Cir.

3

2005). Acknowledging without question the extreme importance of a nationality claim, we decline to follow the Ninth Circuit's lead at this time.

Even if we were to exercise jurisdiction over Kingdale's unexhausted nationality claim, we would reject it. A national is either a citizen of the United States, or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). For a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'" Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003). Although Kingdale applied for naturalization and was interviewed, he was never sworn in as a citizen. In fact, his naturalization application was denied. Accordingly, Kingdale is neither a citizen nor a national.

Finally, to the extent Kingdale challenges the BIA's orders dismissing his appeal as untimely and denying his motion to reconsider, these challenges provide no basis for granting his petition for review. The BIA ruled without error that Kingdale's notice of appeal was filed beyond the thirty-day limit. See 8 C.F.R. 1003.38(b); Popal, 416 F.3d at 252 n.1. Because the BIA committed no error in dismissing the appeal as untimely, its decision to deny Kingdale's motion to reconsider was also correct. See 8 C.F.R. § 1003.2(b) (requiring motion to reconsider to specify errors of fact or law and be supported by pertinent authority).

For these reasons, we will deny Kingdale's petition for review. The stay of removal imposed by the District Court is hereby vacated.

4