

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2006

# Howard v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3895

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Howard v. Atty Gen USA" (2006). *2006 Decisions.* Paper 939.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/939

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3895
_____

GUILLERMO ALBERTO HOWARD,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES,
Respondent
_____

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(Agency No. A18-271-071)
Immigration Judge: Henry S. Dogin
_____

Submitted Under Third Circuit LAR 34.1(a)
April 10, 2006

Before: RENDELL, AMBRO and [1]ROTH, Circuit Judges.

(Filed : June 7, 2006)
_____

OPINION OF THE COURT
_____

PER CURIAM

        Guillermo Howard petitions for review of an order of the Board of Immigration

_____

[1]Honorable Jane R. Roth assumed senior status on 5/31/06.

Appeals (BIA) dismissing his appeal from the Immigration Judge's decision denying his motion to terminate his immigration proceedings and ordering him removed to Panama. For the reasons that follow, we will deny the petition.

On March 20, 2003, Howard was charged as removable based on his conviction for an aggravated felony. Howard filed a motion to terminate the removal proceedings and argued that he is a national or a citizen of the United States. On August 19, 2003, the Immigration Judge found that Howard is not a United States national or citizen. The BIA dismissed the appeal. Howard filed a petition pursuant to 28 U.S.C. § 2241 in the District Court which was converted to a petition for review and transferred to this Court pursuant to the REAL ID Act.

Pursuant to 8 U.S.C. § 1252(a)(2)(D), this court has jurisdiction to review questions of law raised on appeal of a final order of removal of an alien who has committed an aggravated felony. Thus, under 8 U.S.C. § 1252(b)(5)(A), we gave jurisdiction to review Howard's claim of nationality because there is no genuine issue of material fact with respect to that claim. The parties do not dispute the underlying facts of the case. We exercise plenary review over Howard's claims. Jordon v. Attorney General, 424 F.3d 320, 328 (3d Cir. 2005).

Howard argues that he acquired citizenship through his birth in Panama and his subsequent adoption by his United States citizen father. However, because at the time of his birth in Panama, neither of his parents was a United States citizen, Howard did not acquire citizenship because, at the time of his birth in Panama, his parents were neither

2

United States citizens or nationals. See 8 U.S.C. § 1403. Howard further argues that he became a citizen under the Child Citizenship Act of 2000 when his United States citizen father adopted him. However, this Court has held that the Child Citizenship Act of 2000 does not apply retroactively. See Morgan v. Attorney General, 432 F.3d 226, 230 n.1 (3d Cir. 2005).

Howard also asserts that he became a national of the United States when he entered the military and took an oath of allegiance. He bases this argument on 8 U.S.C. § 1101(a)(22)(B), which provides that a national of the United States can be "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." However, we have held that, for a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'" Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003) (per curiam). Howard requested that the removal proceedings be terminated to allow him to apply for naturalization based on his service in the United States military during the conflict in Grenada. However, even if Howard was eligible for naturalization for his military service, he failed to apply, and now, as a result of his aggravated felony conviction, he is ineligible for citizenship. See 8 U.S.C. § 1427(a)(3); 8 U.S.C. § 1101(f)(7), (8).

For the above reasons, we will deny the petition for review.