

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-25-2008

# Garcia v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4624

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Garcia v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1389.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1389

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-122                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4624
_____

RAUL DE JESUS GARCIA,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A90 569 291

_____

Submitted on a Motion to Dismiss or for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

Before:  BARRY, CHAGARES AND GREENBERG, <u>CIRCUIT JUDGES</u>.

(Opinion filed:  March 25, 2008)
_____

OPINION
_____

PER CURIAM

Raul de Jesus Garcia, a citizen of the Dominican Republic, seeks review of a final

order issued by the Board of Immigration Appeals ("BIA").  The Government has filed a

motion to dismiss for lack of jurisdiction, or, in the alternative, for summary affirmance.

For the reasons that follow, we will grant the Government's motion to the extent it

requests summary affirmance, and will deny the petition for review.

Garcia, who adjusted his status to that of lawful permanent resident in 2003, was convicted in 2005 of the offense of distribution, conspiracy to distribute and possession with intent to distribute MDMA (ecstacy) in violation of 21 U.S.C. §§ 812, 841(a)(1) and 843(b)(1)(C) and 846. Garcia was served with a Notice to Appear charging him with being removable as an aggravated felon. An Immigration Judge (IJ) found Garcia removable as charged, and found that the only relief he would potentially be eligible for would be protection under the United Nations Convention Against Torture. Garcia conceded that he was not likely to be tortured upon his return to the Dominican Republic; thus he was not eligible for any relief from removal.

Garcia also argued, however, that he was a "national," and not an alien, because he had applied for United States citizenship. The IJ found that Garcia was not a national, and the BIA agreed, holding in its decision that United States citizenship "may be acquired only through birth or naturalization. It cannot be acquired solely by applying for naturalization."[1] Garcia filed a timely petition for review.

The Government argues that we lack jurisdiction over the petition because Garcia is an aggravated felon. Although 8 U.S.C. § 1252(a)(2)(C) provides that no court has jurisdiction to review a final order of removal against an alien who is removable for having committed an "aggravated felony" as defined by statute, the REAL ID Act provides that nothing in § 1252(a)(2)(C) "which eliminates judicial review, shall be

---

[1] Garcia mistakenly states in his petition for review that the BIA affirmed without opinion.

2

construed as precluding review of constitutional claims or questions of law raised upon petition for review filed with an appropriate court of appeals in accordance with this section." 8 U.S.C. § 1252(a)(2)(D). We thus have jurisdiction to consider Garcia's legal claim that he is a national. Under 8 U.S.C. § 1252(b)(5)(A), we have jurisdiction to review a claim of nationality if there is no genuine issue of material fact with respect to that claim. The parties do not dispute the underlying facts of the case. We exercise plenary review over Garcia's claims. Jordon v. Attorney General, 424 F.3d 320, 328 (3d Cir. 2005).

There is no reason for us to disturb the BIA's order in this case as this issue is well-settled. A national is either a citizen of the United States, or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." INA § 101(a)(22) [8 U.S.C. §1101(a)(22)]. For a citizen of another country, "nothing less than citizenship will show 'permanent allegiance to the United States.'" Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003). Garcia's statement that he applied for naturalization does not render him a citizen or national of the United States. Id.[2]

For the above reasons, we will deny the petition for review.

---

[2] In his petition for review, Garcia also states that the evidence concerning his conviction "offered by the Government does not rise to the level of clear and convincing evidence required to sustain the charge of removability as set forth in the 'Notice to Appear.'" He gives no further explanation regarding why he believes the evidence was insufficient, and the BIA explicitly found that evidence of his conviction was established by clear and convincing evidence. Further, according to the IJ's opinion, Garcia conceded the charges in the Notice to Appear. We find no basis to overturn the BIA's finding that Garcia was convicted of an aggravated felony.