

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-25-2008

# Davis v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1644

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Davis v. Atty Gen USA" (2008). *2008 Decisions.* Paper 486.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/486

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1644
_____

FRANK EMANUEL DAVIS,
                                          Petitioner,

v.

ATTORNEY GENERAL OF THE UNITED STATES
_____

On a Petition For Review of an Order
of the Board of Immigration Appeals
Agency No. A71-533-582
Immigration Judge:  Andrew R. Arthur
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
September 24, 2008

Before:  AMBRO, FUENTES and FISHER, <u>Circuit</u> <u>Judges</u>

(Filed: September 25, 2008 )
_____

OPINION
_____

PER CURIAM

Petitioner Frank Emanuel Lewis, a native and citizen of Jamaica, was admitted to

the United States at Miami, Florida in October 1990 as a non-immigrant visitor for

pleasure.  His status was adjusted to that of a conditional resident of the United States in

December 1991, and then to that of a lawful permanent resident in April 1994 when the

conditions of his residency were removed. According to the criminal Judgment at issue in this petition for review, on February 19, 2003, Davis was convicted following a jury trial in United States District Court for the Middle District of Florida of conspiracy to possess with intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 846 and § 841(b)(1)(A)(vii), and possession with intent to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A)(vii).[1] He was sentenced to a term of imprisonment of 97 months, with a projected release date of October 17, 2008.

Davis was served with a Notice to Appear on December 7, 2005, alleging that he was removable under Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who had been convicted of an aggravated felony as defined by INA § 101(a)(43)(B) ("illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18"), as well as another provision of the statute. Davis conceded that he was removable as charged, and the Immigration Judge ordered him removed to Jamaica on October 10, 2007.

Davis attempted to appeal to the Board of Immigration Appeals. On February 5, 2008, the Board dismissed his appeal as untimely under 8 C.F.R. § 1003.38(b), (c) (notice of appeal must be filed within 30 calendar days). Davis' notice of appeal was due on

---

[1]The record does not support Davis' assertion that he pleaded guilty.

2

Friday, November 9, 2007. It was not submitted until December 18, 2007. It was initially rejected due to filing defects, 8 C.F.R. § 1003.38(d), and then it was properly filed on January 9, 2008. The Board returned the record to the Immigration Court without further action, and noted that a motion to reopen raising new issues, which has strict number and time limits, ordinarily would be filed in Immigration Court. Davis filed a timely petition for review in this Court, and sought a stay of removal, which we denied.[2]

To the extent that we have jurisdiction, it is governed by 8 U.S.C. § 1252(a)(1), (a)(2)(D); but see 8 U.S.C. § 1252(a)(2)(C). See also Kamara v. U.S. Attorney General, 420 F.3d 202, 210 (3d Cir. 2005). Davis first contends that he is a national of the United States because he pledged his allegiance to this country and applied for naturalization in November 2000 prior to his conviction. His arrest came shortly before his naturalization interview date. We have previously rejected this same argument, however, in Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003), where we held that "simply filing an application for naturalization does not prove that one owes a permanent allegiance to the United States," and, for one who is a citizen of another country, "nothing less than citizenship will show permanent allegiance" Id. (internal quotation marks removed). Applying this holding to the facts in Davis' case, it is clear that he is not presently a

_____

[2]We explained that Davis had not made a showing of likely success on the merits with respect to his argument that he is a national of the United States, and it appeared that he had failed to exhaust his administrative remedies, 8 U.S.C. § 1252(d)(1), with respect to his claim that he was entitled to a hardship waiver under INA § 212(h).

3

national. In addition, given his conviction, he is permanently ineligible for citizenship. See id. (citing 8 U.S.C. § 1427(a)(3), which requires applicants for naturalization to be of good moral character, and 8 U.S.C. § 1101(f)(7), (8), which provides that a person who has served 180 days or more of imprisonment or has been convicted of an aggravated felony cannot be found to be of good moral character).

Davis next contends that he is eligible for a hardship waiver under INA § 212(h) because he has teenage children in this country. They are wards of the State of Florida because he and his wife are both incarcerated. However, Davis has failed to exhaust his administrative remedies with respect to his hardship claim and exhaustion is required by 8 U.S.C. § 1252(d)(1). See Zheng v. Gonzales, 422 F.3d 98, 107-08 (3d Cir. 2005). Review is precluded where there is no timely appeal to the Board, and neither the Board nor the IJ has addressed the hardship issue. See Alleyne v. Immigration & Naturalization Serv., 879 F.2d 1177, 1182 (3d Cir. 1989).[3] To the extent that Davis faults counsel for the failure to properly exhaust this or any other claim, he must first pursue a motion to reopen the removal proceedings and satisfy the Lozada requirements. See Zheng, 422 F.3d at 107-08 (discussing the requirements set out in Matter of Lozada, 19 I. & N. Dec. 637, 639 (BIA 1988)).

We will deny the petition for review.

_____

[3]Although the Board rejected Davis' appeal due to filing defects, it was already untimely on December 18, 2007 when it first was submitted.

4