OPINION
SLOVITER, Circuit Judge.
Richard Hatkewicz (“Petitioner”) has filed a petition for review of a final order of removal of the Board of Immigration Appeals (“BIA”), which adopted and affirmed the decision of the Immigration Judge (“IJ”) denying Petitioner’s challenge to removability based on claimed citizenship and denying his applications for adjustment of status, cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”), 8 U.S.C. § 1231. For the reasons stated below, we will deny the petition.
I.
Petitioner was born in Poland in 1973 and lived in a Polish orphanage until age three, when he was adopted by two United States citizens. Petitioner then moved with his adoptive parents to New York, where he was enrolled in school and admitted to the United States as a lawful permanent resident. By the second grade, Petitioner began to exhibit behavioral problems. He was ultimately diagnosed as having attention deficit disorder.
Before Petitioner’s eighteenth birthday, his adoptive parents filed an Application to File Petition for Naturalization In Behalf of Child, Form N-402, dated September 17, 1990 (the “1990 Application”). The 1990 Application was the first step toward filing a petition for naturalization. See Brue v. Gonzales, 464 F.3d 1227, 1232 n. 3 (10th Cir.2006) (explaining that the Form N-402 application was a “necessary ante *669 cedent” to filing a petition for naturalization prior to the Immigration Act of 1990). The Immigration and Naturalization Service (“INS”)[1] did not adjudicate the 1990 Application, however, and there is no indication that Petitioner or his parents ever followed up or inquired about its status.
In 1992, at age nineteen, Petitioner pled guilty in the Supreme Court of New York to attempted robbery in the second degree in violation of N.Y. Penal Law § 160.10(2)(b).[2] He was sentenced to one to three years in prison. In 1994, after serving his sentence, Petitioner filed an Application for Certificate of Citizenship, Form N-600 (the “1994 Application”), with the INS. The INS denied the 1994 Application because (1) Petitioner’s adoptive parents “failed to file a Petition for Naturalization or a Certificate of Citizenship while [he] was under the age of 18 years,” and (2) Petitioner was over the age of eighteen when he filed his own application. R. at 694. Petitioner did not file an appeal or otherwise challenge this determination.
In 2001, Petitioner pled guilty in the New Jersey Superior Court to theft by deception in the third degree in violation of N.J. Stat. Ann. § 2C:20-4. He was sentenced to four years in prison. In 2004, Petitioner again pled guilty in the New Jersey Superior Court to shoplifting in the third degree in violation of N.J. Stat. Ann. § 2C:20-11. This time, Petitioner was sentenced to five years in prison.
On the basis of Petitioner’s 1992 attempted robbery conviction and his 2004 shoplifting conviction the INS instituted removal proceedings against him as an aggravated felon. See 8 U.S.C. § 1227(a)(2)(A)(iii) (“Any alien who is convicted of an aggravated felony at any time after admission is deportable.”). The INS charged that Petitioner was removable as an aggravated felon under 8 U.S.C. §§ 1101(a)(43)(F)-(G) for having been convicted of (1) a crime of violence for which the term of imprisonment was at least one year; and (2) a crime relating to theft or burglary for which the term of imprisonment was at least one year. Although Petitioner admitted to the underlying attempted robbery and shoplifting convictions, he claimed that he was a United States citizen — and therefore not removable — as a result of the Child Citizenship Act of 2000 (“CCA”), 8 U.S.C. § 1431. Petitioner further claimed that the 1990 and 1994 Applications afforded him United States national status and that the 1990 Application made him eligible for United States citizenship nunc pro tunc under the former 8 U.S.C. § 1433.
Alternatively, Petitioner sought cancellation of removal on the grounds that he had not been convicted of any aggravated felony. In addition, Petitioner sought asylum, withholding of removal, and protection under the CAT on the grounds that his attention deficit disorder would subject him to persecution in Poland. Petitioner does not speak Polish, has no ties to Poland, and has not been back to that country since his adoption.
The IJ rejected Petitioner’s claims of citizenship and found that he was removable as an aggravated felon. Accordingly, *670 the IJ denied Petitioner’s requests for relief and ordered him removed to Poland. The BIA adopted and affirmed the IJ’s decision in a written opinion.
II.
Petitioner seeks review of the final order of removal by the BIA. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1). Because the basis for removal is Petitioner’s aggravated felony convictions, our jurisdiction is limited under the REAL ID Act to “constitutional claims or questions of law.” Id. § 1252(a)(2)(C)-(D). Where, as here, “the BIA both adopts the findings of the IJ and discusses some of the bases for the IJ’s decision, we have authority to review the decisions of both the IJ and the BIA.” Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We review the legal determinations of the IJ and BIA de novo, subject to the principles of deference articulated in Chevron v. Natural Resources Defense Council, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). See Pierre v. Att’y Gen., 528 F.3d 180, 184 (3d Cir.2008) (en banc). Under the REAL ID Act, factual or discretionary determinations are outside of our scope of review. Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir.2006).
III.
Petitioner argues that he is not an alien but rather (1) a citizen of the United States under the CCA or (2) a national of the United States based on the 1990 and 1994 Applications. Alternatively, he argues that he is eligible for citizenship nunc pro tunc based on the former 8 U.S.C. § 1433 and filing of the 1990 Application. We disagree.
A. Citizenship under the Child Citizenship Act of 2000 (“CCA”)
First, Petitioner is not a citizen under the CCA because he failed to satisfy the age requirement. Under the CCA, a child born outside of the United States automatically becomes a citizen when “(1) at least one parent is a citizen of the United States; (2) the child is under the age of eighteen years; and (3) the child is residing in the legal and physical custody of the parent pursuant to a lawful admission for permanent residence.” 8 U.S.C. § 1431(a). The IJ and BIA correctly observed that the CCA went into effect on February 27, 2001. 8 U.S.C. § 1431; Jordon v. Att’y Gen., 424 F.3d 320, 328 (3d Cir.2005). In Morgan v. Attorney General, 432 F.3d 226, 230 n. 1 (3d Cir.2005), we held that this law “does not apply retroactively to persons ... who turned eighteen before Congress passed the [CCA].” See also Jordon, 424 F.3d at 328 (“Because all relevant events respecting [petitioner’s] claimed derivative citizenship occurred pri- or to the [CCA’s] effective date, [a predecessor statute] controls our analysis.”). Petitioner was twenty-seven years old when Congress passed the CCA. He is therefore not a citizen under the statute.
B. The 1990 and 1994 Applications
Second, Petitioner is not a United States national by having filed the 1990 and 1994 Applications. A national of the United States is “a person who, though not a citizen ..., owes permanent allegiance to the United States.” 8 U.S.C. § 1101(a)(22). According to Petitioner, “an application for citizenship is the most compelling evidence of permanent allegiance to the United States short of citizenship itself.” Pet’r’s Br. 13 (quoting United States v. Morin, 80 F.3d 124, 126 (4th Cir.1996)). This court has held that “simply filing an application for naturalization does not prove that one ‘owes a permanent allegiance to the United States.’” Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir.2003) *671 (per curiam). “[N]othing less than citizenship will show ‘permanent allegiance to the United States’ ” for one who is a citizen of another country. Id. Petitioner points only to his applications for naturalization, one of which was denied and one of which was not adjudicated. We agree with the BIA that Petitioner’s mere filing of the 1990 and 1994 Applications was not enough to confer status on him as a United States national.
C. Citizenship Nunc Pro Tunc
Petitioner is not eligible for citizenship nunc pro tunc based on the 1990 Application. The Latin phrase nunc pro tunc, literally “now for then,” describes an equitable doctrine that “permits acts to be done after the time they should have been done with a retroactive effect,” Barden v. Keohane, 921 F.2d 476, 478 n. 2 (3d Cir. 1990), but not when due to circumstances “attributable to the laches of the parties,” Mitchell v. Overman, 103 U.S. 62, 65, 26 L.Ed. 369 (1880). Here, Petitioner’s parents filed the 1990 Application with the INS, but neither they nor Petitioner followed up on it. The IJ determined that “however sympathetic [Petitioner’s] case may be,” she did not have the authority to adjudicate the application nunc pro tunc. We need not decide whether the IJ had such authority, because this is clearly a case where the laches is attributable at least in part to Petitioner. Petitioner did not inquire about the 1990 Application until he faced removal fourteen years later. Even assuming that the INS was to blame for part of the delay, the fact that the delay continued for fourteen years—from 1990 to 2004—is directly attributable to Petitioner. Nunc pro tunc relief is not appropriate under these circumstances.
IV.
We next address Petitioner’s alternative argument that he was not convicted of an aggravated felony. Under 8 U.S.C. § 1227(a)(2)(A)(iii), “[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable.” An aggravated felony includes, inter alia, an attempt to commit “a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year.” 8 U.S.C. §§ 1101(a)(43)(G), (U). Petitioner does not dispute that his term of imprisonment was at least one year for his attempted robbery conviction, N.Y. Penal Law § 160.10, and for his shoplifting conviction, N.J. Stat. 2C:20-11. Petitioner also does not dispute the IJ’s conclusion that “[b]oth of these offenses are properly classified as theft offenses.” R. at 81. Instead, Petitioner argues that these offenses are not “crimes of violence” under 8 U.S.C. § 1101(a)(43)(F). Petitioner’s argument ignores the fact that conviction of a “theft offense” with a term of imprisonment of at least one year is an independent basis for removal under § 1101(a)(43)(G) irrespective of whether the offense was also a “crime of violence” under § 1101(a)(43)(F). Cf. Nugent v. Ashcroft, 367 F.3d 162, 179 (3d Cir.2004) (holding that the Pennsylvania theft by deception statute was both a “theft offense” under § 1101(a)(43)(G) and also “an offense that ... involves fraud or deceit” under § 1101(a)(43)(M)(i), and therefore subject to the requirements of both subsections, because “the state statute is bottomed on ‘fraud or deceit’ ”). Petitioner has not shown that the BIA erred in finding a statutory basis for his removal. The IJ and BIA correctly determined that he was convicted of an aggravated felony.
V.
We can quickly dispose of Petitioner’s remaining arguments concerning his *672 application for asylum, withholding of removal, and request for protection under the CAT. Under 8 U.S.C. § 1158(b)(2)(A)(ii), an alien “convicted by a final judgment of a particularly serious crime” is not eligible to apply for asylum if the Attorney General determines that he “constitutes a danger to the community of the United States.” The BIA has interpreted this language to mean that a petitioner convicted of a “particularly serious crime” necessarily constitutes a danger to the community of the United States. Alaka v. Att’y Gen., 456 F.3d 88, 95 n. 11 (3d Cir.2006). The BIA implicitly applied that interpretation in this case. “Every Circuit Court that has considered the question has deferred to the BIA’s interpretation pursuant to Chevron, 467 U.S. at 842-45, 104 S.Ct. 2778.” Id. (citing cases but not reaching issue). We have yet to consider this question and do not do so now, as Petitioner challenges only whether he was convicted of a “particularly serious crime.” An alien convicted of an aggravated felony and sentenced to an aggregate term of imprisonment of at least five years, like Petitioner, is statutorily deemed to have committed a “particularly serious crime” in the context of asylum. 8 U.S.C. § 1158(b)(2)(B)(i).[3] Thus, Petitioner is ineligible for asylum. Id.
Petitioner is also ineligible for withholding of removal. Aliens are disqualified from receiving withholding of removal if they have been convicted of a “particularly serious crime,” 8 U.S.C. § 1231 (b)(3)(B)(ii), but the definition of a “particularly serious crime” is different here than in the context of asylum. In the withholding context, aggravated felonies automatically constitute “particularly serious crimes” when the alien “has been sentenced to an aggregate term of imprisonment of at least 5 years.” 8 U.S.C. § 1231 (b)(3)(B)(iv). Here, those requirements are easily met as Petitioner received an aggregate of six to eight years of imprisonment for his aggravated felony convictions. He is therefore barred from withholding of removal. For the same reason, Petitioner is also barred from withholding of removal under the CAT.[4] See 8 C.F.R. § 208.16(d)(2).
VI.
We are not unsympathetic to Petitioner’s plight, and his counsel has vigorously presented all the possible arguments on his behalf. Unfortunately for Petitioner, the relevant statutory language is clear, and we are obliged to follow its terms.
For the above-stated reasons, we will deny the petition for review.

. In 2003, the INS was abolished and the responsibility for enforcing the relevant immigration laws was transferred to the Bureau of Immigration and Customs Enforcement, which is within the Department of Homeland Security. See Homeland Security Act of 2002, Pub L. No. 107-296, §§ 441, 471, 116 Stat. 2135, 2192, 2205 (2002).

. Attempted robbery is a lesser-included offense of the substantive robbery crime with which he was charged in the indictment. The indictment characterized the offense as an "armed felony,” but the statute does not contain the "armed felony” language.

. The relevant statute provides that ''[f]or purposes of [determining eligibility for asylum], an alien who has been convicted of an aggravated felony shall be considered to have been convicted of a particularly serious crime." 8 U.S.C. § 1158(b)(2)(B)(i).

. In a reply brief, Petitioner argues for the first time that he should be granted a deferral of removal. This argument is waived. See United States v. Pelullo, 399 F.3d 197, 222 (3d Cir.2005) (citing "the well-established rule that the failure to identify or argue an issue in an opening brief constitutes waiver of that issue on appeal"); In re Surrick, 338 F.3d 224, 237 (3d Cir.2003) (recognizing that if a party fails to raise an issue in his opening brief, the issue is waived).