**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1655
_____

ALBERTO BRENS,
a/k/a Alberto Castillo,
                            Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                            Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A040-524-364)
Immigration Judge:  Honorable Jesus Clemente

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 1, 2011
Before:  RENDELL, CHAGARES and ALDISERT, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 17, 2011)
_____

OPINION
_____

PER CURIAM

Petitioner Alberto Brens, a native of the Dominican Republic, seeks review of the Board of Immigration Appeals' ("BIA") final order of removal. For the following reasons, we will deny the petition for review.

I.

Brens entered the United States in 1986 as a legal permanent resident, and filed an application for naturalization on February 22, 2002. He appeared for his naturalization interview and asserts that he successfully completed the citizenship exam and took a loyalty oath on May 21, 2004. Brens claims that during his interview, he was taken into custody by federal agents and thereafter charged with several drug and firearms offenses. The Notice of Decision as to Brens's naturalization application indicates that his application was denied on May 21, 2004, finding that he was ineligible for citizenship because he had been convicted of a crime involving moral turpitude and because his probation was not yet complete.[1] Then, in 2008, he was convicted in the United States District Court for the Eastern District of New York of, among other things, being a felon in possession of a firearm and conspiracy to import five kilograms or more of cocaine. He was sentenced to 120 months' imprisonment.

---

[1] The record indicates that Brens had been convicted of several offenses in New Jersey state court, including "using a false identification," before he filed his naturalization application. We note that Brens appears to mistakenly believe that he was eligible for naturalization because these offenses did not constitute aggravated felonies. *See* 8 U.S.C. § 1427(a)(3); 8 C.F.R. § 316.10 (b)(2).

In March 2009, the Department of Homeland Security ("DHS") issued a notice to appear that charged Brens as removable under 8 U.S.C. §§ 1227(a)(2)(A)(iii), (B)(i), (C). Although Brens did not dispute that he had been convicted of aggravated felonies, a controlled substances offense, and a firearm offense, he asserted that he was not removable because he was a national of the United States. He claimed that he had never received the Notice of Decision denying his naturalization application. After he was shown the Notice of Decision, he asserted that he had received a "pardon" from a DHS officer.

The Immigration Judge ("IJ") found Brens removable as charged and determined that he is not a United States national or citizen. The IJ then noted that Brens had never appealed from the denial of his naturalization application, and concluded that he had not been "pardoned," as he was actually arguing that an immigration officer pardoned him of criminal matters.

In March 2011, the BIA affirmed the IJ's decision and dismissed Brens's appeal. The BIA first noted that Brens did not challenge the determination that his 2008 convictions rendered him removable. Citing this Court's decision in *Salim v. Ashcroft*, 350 F.3d 307 (3d Cir. 2003), it then agreed with the IJ that Brens had not established that he was a United States citizen or national. The BIA also explained that to the extent Brens alleged that improprieties occurred during the naturalization process, neither it nor the IJ had "jurisdiction to review the District Director's decision to deny his application for naturalization. *See* 8 C.F.R. §§ 335.1-.13, 336.1-.9. An applicant may request a

hearing on the denial of the naturalization application (or if the request is untimely, a motion to reopen) with the District Director or with the USCIS office that denied the naturalization application. *See* 8 C.F.R. §§ 336.2(a), (c)(2)(ii)." The BIA also rejected Brens's argument that he was denied due process during a June 2010 hearing before the IJ.

Brens, proceeding pro se, now petitions for review of the BIA's final order of removal.[2]

## II.

We have jurisdiction to review a BIA's final order of removal under 8 U.S.C. § 1252(a). Brens does not, however, challenge the BIA's determination that he is removable as an aggravated felon. Rather, he asserts that he is a United States citizen and thus is not subject to removal. Because there are no genuine issues of material fact about Brens's nationality, we have jurisdiction over this claim under 8 U.S.C. § 1252(b)(5)(A), exercising plenary review. *Jordon v. Att'y Gen.*, 424 F.3d 320, 328 (3d Cir. 2005).

A national is either a citizen of the United States or "a person who, though not a citizen of the United States, owes permanent allegiance to the United States." 8 U.S.C. § 1101(a)(22). As the BIA explained, we have held that for a citizen of another country, "nothing less than citizenship will show permanent allegiance to the United States." *Salim*, 350 F.3d at 310. Brens's application for naturalization was denied. He therefore

---

[2] Brens has not challenged the BIA's determination regarding his due process claim.

4

has never obtained United States citizenship and is not a national of this country. *See id.* (holding that the mere filing of an application does not establish a person's status as a national); *In re Navas-Acosta*, 23 I. & N. Dec. 586, 588 (BIA 2003).[3] Accordingly, Brens is an "alien" who is subject to removal from the United States. *See* 8 U.S.C. § 1101(a)(3); 8 U.S.C. § 1227(a).

Brens also argues that the BIA erred by failing to consider his argument that the government's conduct during the naturalization process violated his rights. However, the BIA correctly determined that it lacked jurisdiction to review this claim, as appeals from denials of naturalization applications must be filed with the DHS, at which time the applicant may request a hearing before an immigration officer. *See* 8 C.F.R. § 336.2(a); 8 U.S.C. § 1447. Further, we lack jurisdiction to review the DHS's free-standing denial of a naturalization application, which is not a final order of removal under 8 U.S.C. § 1252(a)(1). [4]

In sum, we conclude the BIA appropriately dismissed Brens's appeal. We will therefore deny his petition for review.

---

[3] As the BIA determined, Brens's reliance on *United States v. Morin*, 80 F.3d 124 (4th Cir. 1996), is misplaced because we have expressly rejected that case. *See Salim*, 350 F.3d at 310 (finding *Morin* "wholly unpersuasive").

[4] If an applicant's administrative appeal is unsuccessful, he or she may seek judicial review by filing a declaratory judgment action in the federal district court. *See* 8 U.S.C. § 1503(a); *Breyer v. Meissner*, 214 F.3d 416, 420, 421 (3d Cir. 2000).