**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1850
_____

MAIRENI SIGFRIDO ROMAN-FERNANDEZ,
AKA Maireni Roman,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A018-094-061)
Immigration Judge:  Honorable Walter Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2011

Before:  AMBRO, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:  October 11, 2011)

_____

OPINION
_____

PER CURIAM

Petitioner Maireni Roman-Fernandez, proceeding pro se, seeks review of a final

order of removal.  For the reasons that follow, we will deny his petition for review.

I.

Roman-Fernandez, a native and citizen of the Dominican Republic, became a lawful permanent resident of the United States in 1968. In September 2009, he was convicted in federal district court of one count of conspiracy to distribute and possess with intent to distribute cocaine (21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)), and was sentenced to 108 months of incarceration.[1] He was then charged with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) (convicted of an aggravated felony as defined by § 1101(a)(43)(B) and (U)) and § 1227(a)(2)(B)(i) (convicted of an offense relating to a controlled substance, other than than a single offense involving possession of 30 grams or less for personal use).

In October 2010, Roman-Fernandez requested cancellation of removal. The IJ denied the motion after determining that Roman-Fernandez was statutorily ineligible for cancellation of removal because he has been convicted of an aggravated felony and an offense relating to a controlled substance.[2] The Board of Immigration Appeals ("BIA") agreed, and dismissed his appeal. Roman-Fernandez filed a timely notice of appeal.

II.

---

[1] The IJ stated that Roman-Fernandez was also convicted in 2001 in New York state court of possession of a controlled substance and sentenced to 1 day imprisonment. The BIA, however, noted that the state court record showed no conviction for 2001. He was, however, convicted for attempted sale of a controlled substance in 1994. In any event, as the BIA pointed out and as this opinion will show, the 2009 conviction is sufficient to support the charges in the Notice to Appear.

[2] The IJ's initial denial did not include a separate oral or written decision setting for the reasons for the denial. In December 2010, the BIA returned the record to

2

Because Roman-Fernandez has been convicted of an aggravated felony, a determination he does not challenge, our review of the denial of cancellation of removal is limited to constitutional claims or questions of law. See 8 U.S.C. § 1252(a)(2)(C) & (D); Pierre v. Att'y Gen., 528 F.3d 180, 184 (3d Cir. 2008) (en banc). We review the BIA's legal conclusions de novo. Kaplun v. Att'y Gen., 602 F.3d 260, 265 (3d Cir. 2010); Pierre, 528 F.3d at 184.

## III.

Roman-Fernandez first argues that he is not an "alien" subject to removal under 8 U.S.C. § 1227 because he is a "national of the United States" who "owes permanent allegiance to the United States." See 8 U.S.C. § 1101(a)(22). He argues that by applying for citizenship and indicating his willingness to take the Oath of Allegiance to the United States, he demonstrated his allegiance to the country. This Court has already rejected this argument in Salim v. Ashcroft, 350 F.3d 307, 310 (3d Cir. 2003), in which we held that "nothing less than citizenship will show permanent allegiance to the United States." Roman-Fernandez's argument that we should overrule Salim is unavailing.

Roman-Fernandez next claims that the statutes governing the removal of lawful permanent residents result in impermissible bills of attainder. Specifically, he challenges 42 U.S.C. § 402(n), which provides that certain removed aliens are ineligible to receive Social Security retirement benefits. This claim is foreclosed by Flemming v. Nestor, 363 U.S. 603, 612-21 (1960). Deportation statutes are civil in nature and non-punitive in the constitutional sense, INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984); Perez v.

the IJ for a full decision.

Elwood, 294 F.3d 552, 557 (3d Cir. 2002), a fact that prevents Roman-Fernandez from showing that the statute qualifies as a bill of attainder. See United States v. O'Brien, 391 U.S. 367, 384 n.30 (1968) (listing "punishment" as one of three "definitional elements" of legislation that constitutes a bill of attainder).

## IV.

For the foregoing reasons, we will deny the petition for review.