**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2741
_____

IULIAN BODNARI,
                                   Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A026-816-546)
Immigration Judge:  Richard Bailey
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 8, 2025

Before:  BIBAS, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed May 22, 2025)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Iulian Bodnari petitions for review of an order of the Board of Immigration Appeals (BIA) affirming his order of removal.  For the reasons that follow, we will deny the petition.

Bodnari is a native of the former Socialist Republic of Romania who entered the United States in 1984, at the age of 14, as a lawful permanent resident.  In April 2024, an Immigration Judge (IJ) found him removable as a non-citizen convicted of an aggravated felony related to drug trafficking, see 8 U.S.C. § 1227(a)(2)(A)(iii).  Bodnari did not seek any forms of relief, but he denied being a citizen of Romania, and claimed that he was not removable because he was a U.S. national.  He maintained that, at the American embassy in Bucharest in 1983, he and his family swore an "oath of permanent allegiance to the United States," and "denounced [their] Romanian citizenship" before the U.S. Ambassador and embassy staff.  See A.R. at 115.  Bodnari argued that he and his family thereby lost their Romanian citizenship and became U.S. nationals.  The IJ determined that Bodnari, who was born in Romania, had neither overcome the presumption that he is a foreign national, nor demonstrated that he was a U.S. citizen or national.  He ordered Bodnari removed to Romania.

On appeal to the Board of Immigration Appeals (BIA), Bodnari did not challenge his removal as an aggravated felon.  He argued that the IJ erred in concluding that he was a foreign national and not a U.S. national.  See A.R. at 30.  He maintained that the IJ erred in refusing to consider his evidence and deciding the nationality issue on the briefs

2

without a hearing.  Id. at 19, 30-32.  The BIA affirmed, and Bodnari petitioned for review.[1]

Under the Immigration and Nationality Act (INA), only "aliens" are subject to removal.  8 U.S.C. § 1227(a).  An alien is "any person not a citizen or national of the United States."  8 U.S.C. § 1101(a)(3).  The INA defines a national as either (1) a citizen, or (2) a non-citizen who owes permanent allegiance to the United States.  8 U.S.C. § 1101(a)(22).  Bodnari admitted he is not a citizen but claimed that he qualified as a national under the latter provision because of the oath he swore at the embassy in Bucharest.[2]  We find no error in the Agency's conclusion that Bodnari was not a national.

Bodnari's nationality arguments are foreclosed by our decision in Salim v. Ashcroft, 350 F.3d 307 (3d Cir. 2003).  In that case, we rejected the argument that one can "subjectively declare" allegiance and become a national where "[t]his country has not

---

[1] Because Bodnari is removable as an aggravated felon, our jurisdiction is limited to legal and constitutional issues.  See 8 U.S.C. § 1252(a)(2)(C)&(D).  And because his legal claim to nationality presents no genuine issue of material fact, we have jurisdiction to review it under 8 U.S.C. § 1252(b)(5)(A).  Our review of the claim is plenary.  Jordon v. Att'y Gen., 424 F.3d 320, 328 (3d Cir.2005).

[2] Bodnari also relies on Romanian and International law and treaties to support his nationality claim, but only the INA governs here.  Also, contrary to Bodnari's argument, because he raised his nationality claim in his immigration proceedings, the Secretary of State does not have the authority to determine his nationality claim.  Cf. 8 U.S.C. § 1104(a) (providing that "[t]he Secretary of State shall be charged with the administration and the enforcement of the [INA] relating to . . . the determination of nationality of a person *not in the United States*" (emphasis added)).

conferred status on him that would cause him to 'owe' his allegiance to the United States." Id. at 310.  We held that only citizens – either by virtue of birth or by *fully* completing the naturalization process – may be considered nationals.  Id. at 309-310; accord Mohammadi v. Islamic Republic of Iran, 782 F.3d 9, 15 (D.C. Cir. 2015) (noting that courts of appeals have "overwhelmingly" reached the same conclusion).  Bodnari does not claim that he completed the naturalization process under 8 U.S.C. § 1148(a), which requires taking an oath of allegiance during a public ceremony before either the Attorney General or a court with proper jurisdiction.  Thus, as neither a citizen nor a national, he is subject to removal as an alien.

Based on the foregoing, we will deny the petition for review.

4